[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15276
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-24384-CMA

LORI RAPPAPORT LACROIX,

Plaintiff-Appellant,

COURTNEY LACROIX, et al.,

Plaintiffs,

versus

WESTERN DISTRICT OF KENTUCKY,
U.S. DISTRICT COURT OF SOUTHERN INDIANA,
GREEN MOUNTAIN FINANCIAL FUND, LLC,
STATE OF INDIANA,
TOWN OF CLARKSVILLE, IN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 28, 2015)

Before HULL, MARCUS, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff Lori Rappaport LaCroix pro se appeals the district court's sua sponte dismissal of her complaint under 28 U.S.C. § 1915(e).  After review, we affirm.

## I.  BACKGROUND FACTS

### A.    The Complaint

On November 18, 2014, Plaintiff  LaCroix filed a pro se complaint against two federal district courts, the Green Mountain Financial Fund, LLC, Morgan Stanley, the State of Indiana, the State of New York, the town of Clarksville, Indiana, several law firms, and many other individuals, including several attorneys and judges, alleging 69 causes of action related, in some way, to the 1998 death of her father, Alfred Rappaport.  The complaint identifies a wide array of events and legal proceedings that occurred over multiple decades, all of which allegedly constitute various violations of state and federal law.  The complaint was 189 pages long and had 179 pages of attached exhibits.  Plaintiff LaCroix filed with her complaint a motion to proceed in forma pauperis.

### B.    Dismissal of the Complaint

On November 19, 2014, the district court sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915(e).  Among other reasons, the district court dismissed

2

the complaint for failing to comply with the pleading requirements of the Federal Rules of Civil Procedure.  Specifically, the district court stated that the complaint was "in no sense the short and plain statement of the claim required by Rule 8." Moreover, the complaint was a "shotgun pleading" that "completely disregard[ed] Rule 10(b)'s requirement that discrete claims should be plead in separate counts." Accordingly, the district court dismissed the complaint, denied Plaintiff  LaCroix's in forma pauperis motion as moot, and directed the clerk to close the case.

## II.  DISCUSSION

### A.    Standard of Review

We review de novo a district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).  Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  We may affirm on any ground that finds support in the record.  Long v. Comm'r of IRS, 772 F.3d 670, 675 (11th Cir. 2014).

### B.    Rule 8 and Rule 10

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quotation marks and alterations omitted).  Therefore, "a complaint's factual

allegations must be enough to raise a right to relief above the speculative level." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (quotation marks and alterations omitted), abrogated on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), and Twombly, 550 U.S. 544, 127 S. Ct. 1955.

Further, the allegations in the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). A "shotgun pleading"—one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"—does not comply with the standards of Rules 8(a) and 10(b). Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). This Court has repeatedly condemned shotgun pleadings. See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010); Davis, 516 F.3d at 979.

Additionally, although "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008), this liberal construction "does not give a court license to serve as de facto counsel for a party, or to rewrite an

4

otherwise deficient pleading in order to sustain an action," GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled on other grounds by Iqbal, 556 U.S. 662, 129 S. Ct. 1937.  Even a pro se litigant is required to comply with the rules of procedure.  McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993).

Here, the district court properly dismissed the complaint for failing to comply with the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff  LaCroix's complaint is 189 pages long, contains 763 numbered paragraphs, and was filed with a 179-page appendix.  Nothing about this is "short and plain."   Moreover, the complaint's 763 numbered paragraphs consist of factual allegations that are not specifically tied to any of the 69 enumerated causes of action.  Indeed, the 69 causes of action are alleged against the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct.  In other words, Plaintiff  LaCroix's complaint

is a classic shotgun pleading.  See Anderson, 77 F.3d at 366.  As such, it does not comply with Rule 8(a), 8(d), or 10(b), and the district court properly dismissed it. [1]

### III.  CONCLUSION

In light of the foregoing, we affirm the district court's order dismissing Plaintiff LaCroix's complaint.

**AFFIRMED.**

---

[1] While a pro se plaintiff must generally "be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," the district court need not allow amendment where a more carefully drafted complaint could not state a claim and is, therefore, futile.  Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  Given the aforementioned nature of Plaintiff LaCroix's complaint, we conclude that amendment would be futile and, therefore, the district court committed no error by dismissing the complaint without providing leave to amend.  In any event, on appeal Plaintiff LaCroix does not argue that she should have been allowed to amend in the district court before dismissal of this particular complaint.